1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 DARRYL SMITH,                          No. CIV S-06-0669-FCD-CMK-P

12              Plaintiff,

13     vs.                              FINDINGS AND RECOMMENDATIONS

14 J. TUGGLES,[1] et al.,

15              Defendants.

16 _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18 to 42 U.S.C. § 1983.   Pending before the court is defendants' motion to dismiss (Doc. 17) based

19 on failure to exhaust available administrative remedies prior to filing suit.

20 / / /

21 / / /

22 / / /

23 / / /

24 _____

25     [1]     Plaintiff incorrectly spelled defendant Tuggles' name in the complaint.  In
   addition, he also misspelled defendant Clemens' name as "Clemmons." The Clerk of the Court
26 shall update the docket to reflect these correct spellings.

1

# I. BACKGROUND

This action proceeds on plaintiff's first amended complaint, filed on April 28, 2006. Plaintiff names the following as defendants: J. Tuggles; F. Clemens; Joe Flans; and Karen Wong. Plaintiff claims that he and other inmates are forced to work under unsafe conditions. Plaintiff states that he is a member of the kitchen clean-up crew and that he is being exposed to toxic substances on a daily basis and that he was never given any training in handling these substances. Plaintiff also states that he was not provided with appropriate protective equipment. Plaintiff alleges that, as a result of exposure to these hazardous substances, the skin on his hands began to peel off severely and that other inmates developed bad rashes.

Plaintiff states that defendants Tuggles and Clemens were made aware of the above, but said that plaintiff would need to obtain a "chrono" from the medical staff to the effect that he could not work with the chemicals. According to plaintiff, the medical staff informed defendant Clemens that such chronos are not issued and that the kitchen officers need to approve plaintiff for a job transfer or plaintiff needs to quit the job. Plaintiff also asserts, however, that if he quit his job he would have been guilty of a rules violation. He also asserts that defendant Clemens would not approve a job transfer. Finally, plaintiff alleges that each named defendant was aware of the health hazards associated with toxic substances in the kitchen and the unavailability of safety equipment and training.

As to exhaustion, plaintiff states that he did not file his own grievance concerning his claims. He states, however, that inmate Black – who also worked in the prison kitchen – filed group grievances on behalf of all the kitchen inmates, including plaintiff. According to plaintiff, the group nature of Black's grievances was revealed by use of the words "we," "us," and "the inmate workers."

Plaintiff seeks "exemplary damages."

/ / /

/ / /

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for lack of exhaustion of administrative remedies is properly the subject of a motion to dismiss as an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleading and decide disputed issues of fact."  Id. at 1119-20.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120.

## III.  DISCUSSION

In their motion to dismiss, defendants argue that plaintiff has failed to exhaust available administrative remedies.  Specifically, they assert that the grievances filed by inmate Black were insufficient to constitute a group grievance including plaintiff because it did not comply with the requirements in California's regulations for group inmate grievances.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular

grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.  The Supreme Court also held in Woodford v. Ngo, 126 S.Ct. 2378, 2385-88 (2006), that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules and that partial compliance is not enough.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several levels of appeal:  (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).   If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached.  The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment.  The form must also be signed by all participating inmates.  Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In support of their motion, defendants have provided the court with the declarations of B. Gentry, the Appeals Coordinator, and N. Grannis, the chief of the Inmate Appeals Branch, concerning inmate Black's grievances.  Gentry states that neither grievance was considered as a group grievance because they did not comply with the requirement that all other affected inmates be listed and that the list be legible and contain the signatures, names, ID

numbers, and housing assignments of all affected inmates.  Grannis confirms that plaintiff never filed his own grievance concerning his claims.

In addition, the court has reviewed inmate Black's actual grievances, which plaintiff attached to the first amended complaint. Attached to one of the grievances is a list of 10 inmates who are "involved in the matter."  The list includes plaintiff.  The list also includes the prison identification numbers of each inmate.  Following this list is a questionnaire of nine questions regarding working conditions in the prison kitchen, and following that are several sheets containing the inmates' hand-written yes or no responses and the inmates' signatures.  In particular, plaintiff's signature is on these additional pages.  These pages do not, however, list any of the inmates' housing assignments.

In his opposition to defendants' motion, plaintiff states:

> The defendants and counsel do not disagree that within the body of [inmate] Black's . . . grievances, [he] states I, Myself and several other guys on the crew have been affected by . . . volatile chemical. [sic].
> This action should be deem exhausted as is require . . . [sic].

The court cannot, however, deem the additional pages described above to be in compliance with California's regulations for group inmate grievances.  As an independently sufficient reason to reach this conclusion, it is undisputed that none of the inmates' housing assignments were provided.  Therefore, inmate Black's grievances do not comply with all of procedural rules for group grievances.

## IV.  CONCLUSION

The court agrees with defendants and finds that plaintiff has failed to exhaust available administrative remedies prior to bringing suit.  Specifically, it is undisputed that plaintiff did not file his own grievance.  It is also undisputed that plaintiff's allegation of exhaustion is based on inmate Black's grievances.  Finally, the court finds that inmate Black's grievances do not satisfy the procedural rules for group grievances.  Therefore, inmate Black's

1 | grievances concern only him and no other inmates.

2 |     Based on the foregoing, the undersigned recommends that defendants' motion to

3 | dismiss be granted and that the Clerk of the Court be directed to enter judgment and close this

4 | file.

5 |     These findings and recommendations are submitted to the United States District

6 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

7 | after being served with these findings and recommendations, any party may file written

8 | objections with the court.  The document should be captioned "Objections to Magistrate Judge's

9 | Findings and Recommendations."  Failure to file objections within the specified time may waive

10 | the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 |

12 | DATED:   March 2, 2007.

13 |

14 |                                        _____

15 |                                        CRAIG M. KELLISON
                                             UNITED STATES MAGISTRATE JUDGE

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |